IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JAMES R. USERY AND RHONDA S. USERY                                PETITIONERS
AS TRUSTEES OF THE JIM AND RHONDA
USERY REVOCABLE TRUST

v.                                                    4:07CV01185-WRW

ANADARKO PETROLEUM CORPORATION, *et al.*                          RESPONDENTS

**ORDER**

Pending is Respondents' Motion for Summary Judgment (Doc. No. 27). Petitioners have responded (Doc. No. 30). For the reasons set out below, Respondents' Motion is GRANTED.

**I. SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[1] The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[2]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should only be granted when the movant has established a right to the judgment beyond controversy.[3] Nevertheless, summary judgment promotes judicial economy by

---

[1] *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56.

[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[3] *Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

1

preventing trial when no genuine issue of fact remains.[4]  I must view the facts in the light most favorable to the party opposing the motion.[5]  The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*,"[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact.  It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion.  Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue.  If the respondent fails to carry that burden, summary judgment should be granted.[6]

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[7]

## II. BACKGROUND

This case involves natural gas rights in which both Petitioners and Respondents claim an interest.[8]  In 1933, the Missouri Pacific Railroad Company issued to Petitioners' predecessor in interest a deed that reserved for itself "all the minerals upon, in, or under" certain real property located in White County, Arkansas.[9]  Respondent Anadarko Petroleum Corporation ("Anadarko") became the successor in interest of these mineral rights and later entered into an

---

[4]*Id.* at 728.

[5]*Id.* at 727-28.

[6]*Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[7]*Anderson*, 477 U.S. at 248.

[8]Doc. No. 2.

[9]*Id.*

oil and gas lease with Respondent Hallwood Energy, L.P. ("Hallwood"). The lease granted Hallwood the exclusive rights to explore and extract any oil and natural gas in or under the property.[10]  Later, Petitioners became the owners of the property by conveyance of a warranty deed and filed a petition to quiet title in the White County Circuit Court.[11]  Respondents removed the case to this court.[12]

The deed in question reads, in part:

also reserving to the said Missouri Pacific Railroad Company and to the said Trustees, Missouri Pacific Railroad Company, Debtor, and each of their successors and assigns, all of the minerals upon, in, or under the said land or any part thereof, together with the right to enter upon said land, or any part thereof, and explore, dig, mine or drill for and remove minerals supposed to be in, upon or under the said land, or any part there, and to erect, place, use, occupy and enjoy upon said land or part thereof, such roads and ways, structures, buildings, pipe lines, tools, implements or machinery as may be proper, necessary or convenient in or about the exploring, digging, mining or drilling for or removal of any minerals, without any claim for damages on behalf of said second party or assigns.

The issue is whether the reservation of minerals included natural gas. The parties agree that the issue should be decided under the *Strohacker* Doctrine.[13]

### III. DISCUSSION

In 1941, the Arkansas Supreme Court decided *Missouri Pacific Railroad Company v. Strohcker*.[14]  In *Strohacker*, an 1892 deed and an 1893 deed each reserved "all coal and mineral

---

[10]*Id.*

[11]*Id.*

[12]Doc. No. 1.

[13]Doc. Nos. 27, 32.

[14]202 Ark. 645 (1941).

3

deposits."[15] The appellees in *Strohacker* maintained that "when the reservations were written into the deeds it was not intended by the term 'all coal and mineral deposits' to include gas and oil."[16]

The court agreed with the appellees, writing: "If the reservations had been made at a time when oil and gas production, or explorations, were general, and legal or commercial usage had assumed them to be within the term "minerals," certainly Appellants would prevail."[17]

Because the court in *Strohacker* was construing 1892 and 1893 deeds, it had to consider oil and gas production or exploration at that time. The court, however, noted that in Arkansas gas was referred to as a mineral as early as 1911.[18] The court also recognized its holding in *Sheppard v. Zeppa, Trustee*[19] that "a reservation of 'mineral rights' pertaining to certain lands was effective to withhold oil, gas and other minerals from a conveyance."[20] In summary, the court stated, "[i]t can no longer be doubted that a reservation of minerals, or of mineral rights, is sufficient to identify oil and gas."

In interpreting a reservation of mineral rights, the reservation will be construed "so as to be consistent with and limited to those minerals commonly knows and recognized by legal or commercial usage in the area where the instrument was executed."[21]

---

[15] *Id*. at 646.

[16] *Id*.

[17] *Id*. at 650-51.

[18] *Id*. at 651.

[19] 199 Ark. 1 (1939).

[20] *Strohacker*, 202 Ark. at 651-52.

[21] *Ahne v. Reinhart & Donovan Co*., 240 Ark. 691, 696 (1966).

Respondents point out that oil and gas wells were drilled in White County as early as 1903.[22] Respondents also provided a copy of two oil and gas leases filed in White County in 1904 and 1933, respectively, along with the affidavit of Tad Morrow,[23] who states that there were over 1,800 similar leases recorded in White County between 1904 and 1933.

Considering the number of oil and gas wells drilled in White County by 1933, the copies of the oil and gas leases provided by Respondents, and the fact that there are 1,800 other similar leases dated between 1904 and 1933 and recorded in White County, I find that under the *Strohacker* Doctrine, the reservation of minerals in the deed at issue included natural gas. Accordingly, Respondents' Motion for Summary Judgment is GRANTED and Petitioners Complaint is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED this 23rd day of December, 2008.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[22]Doc. No. 27.

[23]I noted Petitioner's objections to Mr. Morrow's affidavit.